**FLYING EAGLE PUBLICATIONS, INC.,**
Defendant, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5720.

United States Court of Appeals
First Circuit.

Jan. 10, 1961.

Wesley E. Whitney, Concord, N. H., with whom Upton, Sanders & Upton, Concord, N. H., was on brief, for appellant.

Alexander J. Kalinski, Asst. U. S. Atty., Manchester, N. H., with whom Maurice P. Bois, U. S. Atty., Concord, N. H., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The indictment in this case charged the defendant corporation, a magazine publisher, and three individual members

of its staff, with mailing nonmailable matter, to wit, an "obscene, lewd, lascivious, indecent, filthy or vile" magazine. 18 U.S.C. § 1461. At the first trial the corporate defendant and one individual were convicted, and the other two individuals acquitted. On appeal, 1 Cir., 1960, 273 F.2d 799, we reversed because the court had permitted the jury to consider six stories or articles as falling within the statute when, in our opinion, only one, and an illustration to another, could have been so regarded. At the second trial the court instructed the jury at the outset that while the indictment named four defendants, only two were before the court, and stated that the others "have been separated from this action." The defendants immediately moved for mistrial, without particularizing the nature of their objection. The court, at the bench, asked counsel how the matter could be "clarified." Counsel made no suggestion. The court then said, "I will tell them by acquittals, I will tell them the facts." Counsel for defendants replied, "I still think we are harmed and prejudiced by whatever is done." The court thereupon instructed the jury that the other defendants were "separated * * * because they have been previously acquitted." Thereafter the corporate defendant (hereinafter the defendant) was convicted, and it appeals.

■ The defendant argues that telling the jury that other defendants were separated and had been acquitted in effect informed them that the present defendants had previously been convicted. The logic of this escapes us. It was certainly reasonable, if not, indeed, necessary, to tell the jury why the other named defendants were not in court. We can think of no more innocuous way of doing so than by announcing that they had been "separated." Even this, however, was regarded as ground for mistrial by the defendant, who stated flatly that the matter was beyond clarification. As-

suming, although we do not so decide, that it was harmful rather than helpful to add that the other defendants had been "acquitted," it does not lie in the mouth of the defendant to say that this further instruction made matters worse, because it was given advance warning and opportunity to say so before the added instruction was given, and did not. We can in no way agree that the statement that defendants A and B had been "separated" implies, directly or indirectly, that defendants C and D, now on trial, had been previously convicted.

■ Defendant has other exceptions. Its criticism of the charge asks us to overrule Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, as we cannot view in any other light objections to definitions taken directly from the charge approved in that case. As a matter of fact, the present charge was more favorable than defendant was entitled to, the court telling the jury that it must find the items obscene *and* filthy, although the statute, insofar as the words may be different, is phrased in the disjunctive.

■ Defendant's final exception is to the failure of the court to instruct that in determining whether the criticized illustration (an ink drawing) came within the statute, the jury must consider the article which it accompanied and take them only as a whole. This is the appropriate rule in the case of a single unit, such as a book or other writing. But a jury is not compelled to regard illustrations as controlled by textual material. An obscene picture of a Roman orgy would be no less so because accompanied by an account of a Sunday school picnic which omitted the offensive details. Nor is the principle different merely because these details might not be readily apparent to everyone upon a casual inspection.

Judgment will be entered affirming the judgment of the District Court.